**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TIMMY JOHN WEBER,

Petitioner,

vs.

E.K. McDANIEL, *et al.*,

Respondents.

_________________________________/

3:11-cv-0104-PMP-RAM

**ORDER**

This capital habeas corpus action was initiated February 11, 2011, when the petitioner, Timmy John Weber, filed a *pro se* habeas petition (docket #1). On February 16, 2011, the court granted Weber's motion for appointment of counsel, and appointed the Federal Public Defender for the District of Nevada (FPD) to represent him (docket #4). Counsel appeared on Weber's behalf on March 1, 2011 (docket #5), and counsel for respondents appeared on March 3, 2011 (docket #6). On June 27, 2011, the court held a telephonic status conference, at which counsel for Weber and counsel for respondents appeared, and, following that conference, the court entered an order setting a schedule for further litigation of this action (docket #7, #8, #11, #12).

On June 16, 2011, Weber filed a "Motion for Transport of Petitioner for Medical Examination" (docket #9). Respondents filed an opposition to that motion on June 24, 2011 (docket #10). Petitioner filed a reply, in support of the motion, on July 5, 2011 (docket #14). At

the status conference on June 27, 2011, the court entertained argument by counsel regarding the motion. The court will deny the motion, without prejudice.

Weber requests that the court order respondent Warden E.K. McDaniel to transport him to a medical facility in Las Vegas, Nevada, for a neurological examination, and then, subsequent to that, an MRI and PET scan of his brain. *See* Motion (docket #9), pp. 4-5. Weber seeks the examination, the MRI, and the PET scan, to further develop "a claim of ineffective assistance of counsel arising from trial counsel's failure to conduct an adequate mental health examination of Mr. Weber, and specifically trial counsel's failure to investigate and present evidence of Mr. Weber's brain damage to the jury." *Id*. at 3. According to Weber, he raised such a claim in state court (*see id*. at 3), and in his *pro se* habeas petition in this action by incorporation (*see id*. at 3), and he will include such a claim in his amended habeas petition, which is due to be filed by October 7, 2011 (*see* Order entered June 27, 2011) and which, according to Weber, will be filed in August 2011 (*see* Motion, p. 4).

Weber's motion for transport, is essentially a motion for leave to conduct discovery, and is premature. As reflected in the scheduling order in this case, the court's practice, in capital habeas corpus cases is, generally, to entertain motions for leave to conduct discovery only after an amended petition is filed, after the complete state-court record is filed, and after briefing is begun regarding either a motion to dismiss or the merits of claims. *See* Order entered June 27, 2011. This timing helps insure that time-consuming and expensive discovery is not undertaken with respect to claims that are not procedurally viable, or claims that for other reasons do not warrant discovery. At this early stage of this case – before Weber's claim is properly set forth in an amended petition, before the state-court record has been filed, and before any procedural challenges to the claim have been asserted – the court cannot properly gauge the need for this discovery.

Weber has not shown, and, in fact has not even alleged, that the medical examination, MRI, and PET scan are necessary for him to be able to plead in his amended petition the claim to which those would relate. On the contrary, Weber asserts that he has previously raised the claim in state

court, has raised it, by incorporation, in his *pro se* petition in this court, and plans to plead it in his amended petition. Weber has not shown any reason why this discovery cannot be done after the claim is pled in the amended petition, the state-court record is filed, and respondents have asserted any procedural challenges to the subject claim.

The court will, therefore, deny Weber's motion. The denial of the motion, however, is without prejudice to Weber making another such motion at an appropriate time, as described in the order entered on June 27, 2011. The court does not mean, in this order, to convey any impression regarding whether or not the discovery sought by Weber might eventually be warranted in this action.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Transport of Petitioner for Medical Examination (docket #9) is **DENIED**.

DATED: July 11, 2011.

PHILIP M. PRO
United States District Judge